United States District Court
Southern District of Texas
**ENTERED**
July 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTLE DAVIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-1019 |
| | § | |
| CENTERPOINT ENERGY, INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court is Plaintiff Krystle Davis's ("Plaintiff" or "Davis") Motion to Compel Discovery Responses and For Sanctions. (Doc. No. 15). Defendant CenterPoint Energy, Inc. ("Defendant"), responded in opposition, (Doc. No. 16), and Plaintiff did not reply. Having considered the motion and the applicable law, the Court **DENIES** the Motion to Compel and for Sanctions. (Doc. No. 15).

### I.  BACKGROUND

Plaintiff, an individual of African American descent, filed this suit against her former employer for racial discrimination. (Doc. No. 1 at 1). Plaintiff alleges that, because of her race, she was subjected to unfair treatment and a systemic pattern of harassment and hostility by her supervisor at CenterPoint Energy. (Doc. No. 6 at 1–2). According to her Complaint, this racially discriminatory conduct culminated in several unfounded disciplinary hearings and, eventually, her termination. (*Id.* at 2).

Plaintiff filed this motion to compel arguing that Defendant provided insufficient, evasive, and non-responsive answers to interrogatories, refuse to produce critical documents, and improperly objected to requests. (Doc. No. 15 at 1). Plaintiff further argues that vague and generalized objections are insufficient, and that Defendant should be compelled to provide

adequate responses. (*Id.* at 2). In response, Defendant argues that the motion should be denied for two reasons: (1) Plaintiff failed to comply with the Court's local rules and procedures by failing to confer or seek a pre-motion conference; (2) Defendant's responses to Plaintiff's discovery requests were full and valid making Plaintiff's complaints baseless and frivolous. (Doc. No. 16 at 5).

## II.    LEGAL STANDARDS AND ANALYSIS

The Court finds that Plaintiff's motion is misleading and baseless. To start, Interrogatory 1 asks Defendant to identify "each and every person who answered these interrogatories as well as any person involved in answering these interrogatories, and state whether each person is authorized to answer these interrogatories on behalf of Defendant." (Doc. No. 16 at 6). Plaintiff does not provide the Court with the interrogatory itself or Defendant's response. Rather, Plaintiff merely complains that "Defendant refused to provide all individuals involved in responding to Plaintiff's interrogatories, arguing that "involved" is vague. This is a bad faith objection. . . .") (*Id.*).

While Defendant did object to the vagueness of the request, Defendant also substantively responded. (Doc. No. 16 at 6) ("Consistent with the foregoing objections, Defendant responds as follows: Katherine Radke and Paula Hinton . . . with the assistance of counsel, answered or supplied information used to answer these interrogatories."). Nevertheless, Plaintiff neither included the response nor noted that any response existed in her motion. Regardless of whether this was intentional done to mislead the Court, it is an incomplete account of the facts of the case.

Likewise, Plaintiff complains that Defendant "refused to produce all responsive documents, citing privilege and control objections" relating to RFP No. 5. (Doc. No. 15 at 3). Again, Plaintiff does not inform the Court what exactly RFP No. 5 requested, nor does she provide the actual response from Defendant. Included in Defendant's response, however, RFP No. 5

requests "Any and all communications or documents regarding or referencing Plaintiff's termination." (Doc. No. 16 at 9).

In response, Defendant objects to the scope of the request because it lacks any temporal limitation and inevitably includes irrelevant information that is unproportional to the issue. (*Id.*). Nevertheless, Defendant then provides numerous bates-numbered documents and requests that the parties meet and confer about limiting the scope of the request—which Plaintiff never agreed to. (*Id.* at 9–10). Again, Plaintiff's motion to compel lacks a complete and truthful description of the dispute and the conduct of the Defendant.

Plaintiff's requests for admission follow suit. Plaintiff states that "Defendant refused to admit or deny whether it has received discrimination complaints within the past five years." (Doc. No. 15 at 3). Again, Defendant responded by first objecting to the relevance and proportionality of the request and then denying the admission. (Doc. No. 16 at 11). Thus, Plaintiff's request for admission portion of the motion to compel is also misleading and untruthful.[1]

Finally, and detrimental to all of Plaintiffs arguments, Plaintiff has entirely failed to comply with this Court's local rules and procedures. Local Rule 7.1.D and Section 7.C of this Court's Civil Procedures requires a certificate of conference to be included with each filing. Litigants are "expected to make a good faith effort to confer about the disposition of all pretrial motions." CIVIL PROCEDURES (Hon. Andrew S. Hanen) § 7.C.1. The lack of certificate of conference here conveys to the Court that this did not occur. Further, "[a]ny party wishing to raise disputed discovery or other pretrial matters must arrange for a conference with the Court before filing any motion, brief,

---

[1] Astonishingly, Plaintiff seeks sanctions against Defendant's counsel based on the failure to respond to the discovery requests. (Doc. No. 15 at 4). Plaintiff's sanctions request is both unfounded and borderline frivolous. Plaintiff is strongly advised to refrain from filing any more sanctions requests against Defendant's counsel until Plaintiff has adequately read and complied with the Court's local rules and procedures.

or accompanying material." CIVIL PROCEDURES (Hon. Andrew S. Hanen), § 8.A. Plaintiff failed to seek a pre-motion conference to resolve this dispute.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Compel. (Doc. No. 15).

Signed on this 10th day of July, 2025.

Andrew S. Hanen
United States District Judge

4